IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Maurice Terrell Randall, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17cv604 (JCC/MSN) |
| | ) | |
| Harold W. Clarke, | ) | |
|     Respondent. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Maurice Terrell Randall, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (2012), challenging the lawfulness of his conviction in the Williamsburg/James City County Circuit Court. By Order dated June 6, 2017, petitioner was advised that his petition was untimely and was directed to show cause why the petition should not be dismissed as barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). Petitioner responded to that Order on June 29, 2017. For the following reasons, petitioner's response fails to comply with the June 6, 2017 Order, and this civil action will be dismissed, with prejudice, as barred by the statute of limitations.

**I.**

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a habeas petition is removed; (3) the United States Supreme Court newly recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. <u>Id.</u> § 2244(d)(1)(A)–(D). In calculating the one-year period, a court must exclude the time during which petitioner's state collateral proceedings were pending. <u>See</u> 28 U.S.C. § 2244(d)(2). Notably, a federal habeas petition filed after or during the pendency of a direct appeal will not

toll § 2244(d)(1)'s one year limitation period because "an application for federal habeas corpus review is not an application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2)." Duncan v. Walker, 533 U.S. 167, 181 (2001) (internal quotation marks omitted).

**II.**

Petitioner was convicted by a jury in the Williamsburg/James City County Circuit Court on December 22, 1998. Petitioner filed a direct appeal in the Virginia Court of Appeals, which was denied. Petitioner subsequently appealed to the Supreme Court of Virginia, which, according to information contained on the Supreme Court of Virginia's Case Status and Information web page, refused his appeal on October 6, 1999. Therefore, at the very latest, petitioner's conviction became final on January 4, 2000, 90 days after entry of the judgment in the Supreme Court of Virginia, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari. See U.S. Sup. Ct. R. 13(1). Petitioner states that following his direct appeal he filed a petition for habeas corpus in the Supreme Court of the United States, which was denied for failure "to exhaust state remedies." It appears that petitioner is actually referring to a federal habeas petition filed in this Court, 1:00-cv-01698-JCC, on October 13, 2000, which was dismissed as unexhausted by Order dated November 27, 2000.

On February 6, 2001, petitioner filed his first state habeas petition, case number 010403, in the Supreme Court of Virginia, which resulted in a procedural dismissal on April 27, 2001. By then, 399 days had elapsed since petitioner's conviction became final on January 4, 2000, and the federal statute of limitations had expired pursuant to § 2244. As such, the pendency of the state habeas proceeding could no longer toll the federal limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation

2

of the limitations period that has ended before the state petition was filed.").

### III.

Pursuant to § 2244, the instant petition must be considered untimely unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 706–07 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)). To qualify for equitable tolling, petitioner must demonstrate that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Typically, a petitioner must specify the steps he took in diligently pursuing his federal claim and "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing." Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Thus, equitable tolling is only available in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation against the party." See Hill, 277 F.3d at 704 (internal quotation marks omitted).

Petitioner argues that the statute of limitations should not bar the instant petition because petitioner was required to use a standard form petition to apply for relief under § 2254, and the form did not provide specific enough instructions on how to proceed. Dkt. No. 6 at 1–2. In addition, petitioner claims that he did not know what offenses he was convicted of because he did not receive his case file and transcript until October 18, 1999, and he did not know he could obtain those documents until he spoke to other prisoners. Id. Notwithstanding those arguments, petitioner concedes that the standard § 2254 complaint form that he used to file his October 13, 2000 federal habeas petition explained § 2244, and, as a result, petitioner attempted to file his

3

federal habeas petition within one year of the denial of his direct appeal on October 6, 1999. Id. at 2. Petitioner further states that when his October 6, 1999, habeas petition was dismissed for failure to exhaust state remedies petitioner assumed he was time barred, so he "was not in a rush to file the state habeas petition in the Supreme Court of Virginia on February 6, 2001." Id.

In addition, petitioner cites Rule 4 of the Rules Governing Section 2254 Cases for the proposition that all petitioners for whom counsel is appointed shall be represented at every stage of the proceedings. Id. at 3. According to petitioner, defense counsel on direct appeal advised petitioner that his most reasonable recourse after denial in the Supreme Court of Virginia was to carry the matter to the Supreme Court of the United States. Id. at 1-2. Petitioner states that counsel further advised petitioner that he had never sought admission before the Supreme Court, and petitioner would need alternative counsel if he wished to appeal to that Court. Id. at 2-3. In petitioner's view, he should be afforded the opportunity to respond to the June 6, 2017 Order before his petition is dismissed because he had not been previously provided with instructions on how to proceed. Id. at 3. Petitioner contends that his efforts to comply with court procedures should excuse the untimeliness of his petition. Id.

Under these circumstances, petitioner has failed to demonstrate that he pursued his rights diligently but some extraordinary circumstance stood in his way and prevented his timely filing a state habeas petition. Pace, 544 U.S. at 418. Petitioner's conviction became final on January 4, 2000, but he did not file his federal habeas petition until nearly a year later on October 13, 2000. By his own admission, petitioner was aware of the limitations period in § 2244 at the time he filed his federal habeas petition. Dkt. No. 6 at 2. When his federal habeas petition was dismissed as unexhausted by Order dated November 27, 2000, petitioner still had more than one month to file a state habeas petition in the Supreme Court of Virginia, but he waited over two

4

months to file, until February 6, 2001. Even if petitioner had not been aware of § 2244, his ignorance of the law, absent some extraordinary circumstance that is missing from this case, would not have excused his untimely filing. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (stating that ignorance of the law, even by pro se prisoners, generally does not excuse untimely filing).

When the failure to file the petition was a result of petitioner's own lack of diligence, equitable tolling is not appropriate. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect."). Here, petitioner's failure to timely file a state habeas petition within the one year limitations period was not external to his own conduct, and his misunderstanding of his attorney's letter concerning options for direct appeal does not present the kind of extraordinary circumstance that would support equitable tolling. Therefore, the petition will be dismissed, with prejudice, as untimely.[1]

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE as barred by the statute of limitations.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to timely file a notice of appeal waives the right to appeal this decision. Petitioner must also

---

[1] By Order dated June 6, 2017, petitioner was directed to show cause why claim 2 in his petition should not be dismissed as procedurally barred. Because the petition was not timely filed, there is no need to consider that issue.

request a certificate of appealability from a circuit justice or judge.  See 28 U.S.C. § 2253 and

Fed. R. App. P. 22(b).  For the reasons stated above, this Court expressly declines to issue such a

certificate.

       The Clerk is directed to send a copy of this Order to petitioner and to close this civil

action.

Entered this ___18___ day of _____July_____ 2017.


Alexandria, Virginia


                                       /s/
                                 James C. Cacheris
                                 United States District Judge